IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AMNON SCHLEGEL,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, U OF U, ADHISH AGARWAL, DEBRA ANDERTON, JOHN M. INADOMI, DEBRA L. SIMMONS, T. SCOTT WALL and CORRINE K. WELT,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:24-cv-00234CMR<br><br>Judge Dale A. Kimball |

    This matter is before the court on Defendants' United States' Motion to Dismiss for Lack of Jurisdiction [ECF No. 5]. On July 22, 2024, the court held a hearing on the motion. At the hearing, E. Scott Savage represented Plaintiff, and Jeffrey E. Nelson, Amanda Berndt, and Brett Mark Andrus represented Defendant. The court took the matter under advisement. Now being fully informed, the court issues the following Memorandum and Decision.

BACKGROUND

    Plaintiff Amnon Schlegel filed this case in state court in March 2024. In his Complaint Plaintiff listed the following as Defendants: The University of Utah, Adhish Agarwal, Debra Anderton, John M. Inadomi, Debra L. Simmons, T. Scott Wall, and Corrine K. Welt. Plaintiff was a physician employed by the University of Utah ("U of U"), and he argues that he was wrongfully discharged in December 2021. The individual defendants named ("Individual

1

Defendants") also worked at the University of Utah, and they were engaged in providing "management and supervisory activities over [Plaintiff] and other physicians on behalf of the U of U." [ECF No. 1-1]

On March 29, 2024, the case was removed to federal court with the United States as a Defendant. [ECF 1] Defendant United States then filed this Motion to Dismiss for Lack of Jurisdiction. [ECF No. 5]

## DISCUSSION

The United States was not initially a party to this case. However, 28 U.S.C. § 2679(d)(2) explains that:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

Here, the Attorney General certified that three of the six Individual Defendants were acting within the scope of their employment. Accordingly, the United States had statutory authorization to remove this case to federal court and replace the Federal Defendants.

Furthermore, Plaintiff has failed to present any evidence or allegations sufficient to overcome the scope of employment certification. Plaintiff's allegations do not call into question the U.S. Attorney's certification that Federal Defendants were acting within the scope of their VA employment, as required to rebut the presumption created by that certification. Instead, those allegations corroborate the certification. Plaintiff's interactions with Federal Defendants related to issues that arose regarding his VA employment. Federal Defendants had supervisory roles

over Plaintiff at the VA, and they were acting within the scope of those roles in addressing his complaints. Thus, Plaintiff has failed to meet his burden of alleging facts that would warrant discovery about the Federal Defendants' scope of employment.

As a result of this, Plaintiff's claim regarding the Federal Defendants' actions continues as an FTCA action against the United States. Before a claimant can proceed with litigation against the United States under the FTCA, (1) he must present to the relevant federal agency a written notification of the claim along with a specific statement of the damages claimed, 28 U.S.C. § 2675, 28 C.F.R. § 14.2; and (2) the claim must be denied by the agency, either through an explicit written denial by the agency or through a "deemed" denial if the agency fails to act on the claim within six months. 28 U.S.C. § 2675(a). This is a jurisdictional prerequisite to suit, and it cannot be waived.

Plaintiff presented such a claim to the VA on April 10, 2023. That did not satisfy the FTCA's administrative claim requirement, however, because Plaintiff's claim was presented to the VA after he had filed his lawsuit. *Gabriel v. United States*, 683 F. App'x 671, 672 (10th Cir. 2017) (unpublished). And the belated filing of an administrative claim does not overcome the jurisdictional defect in the premature filing of a tort lawsuit against the United States. *Id*. Thus, because Plaintiff did not exhaust his FTCA administrative remedy prior to filing suit, his claim against the United States must be dismissed for lack of subject matter jurisdiction.

The United States is not the only Defendant in this case. However, when a district court dismisses the claims "over which it had original jurisdiction, the district court [can . . .] decline to exercise supplemental jurisdiction over the state claim[s]." *Muller v. Culbertson*, 408 Fed. Appx. 194, 197 (10th Cir. 2011). Here, the court is dismissing the Defendant and claim that gave

3

it original jurisdiction. Accordingly, the court declines to exercise supplemental jurisdiction over the remaining claims or Defendants.

## CONCLUSION

The court GRANTS Defendant's motion and DISMISSES the case WITHOUT PREJUDICE for lack of subject matter jurisdiction.

DATED this 13th day of August 2024.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge